---

In re BROADWAY IN BOROUGH OF THE BRONX.

(Supreme Court, Appellate Division, First Department. April 8. 1910.)

1. WATERS AND WATER COURSES (§ 98*)—EVIDENCE OF ACCRETION.
    Evidence, in a proceeding to establish claim to an award for property taken for the extension of a street, *held* insufficient to show that the property taken and claimed as an accretion was an accretion to the upland.
    [Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 98.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes·

2. WATERS AND WATER COURSES (§ 93*)—"ACCRETION."

Accretion is the process of gradual and imperceptible addition to riparian land, made by water to which the land is contiguous, and the addition is imperceptible if its progress is not perceptible, although the fact of the addition may be perceptible after a long lapse of time.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 96, 97; Dec. Dig. § 93.*

For other definitions, see Words and Phrases, vol. 1, pp. 99, 100.] ·

Appeal from Special Term, New York County.

In the matter of acquiring land for an extension of Broadway in the Borough of the Bronx, Isaac P. Smith and Emma L. Moller, as executor and executrix of the estate of Joseph H. Godwin, deceased, were granted an order for the payment of an award, and the City of New York appealed. Order reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Clarence L. Barber, for appellant.

Ernest Hall, for respondent.

DOWLING, J. In the proceeding for the acquiring of title to Broadway from its then southerly terminus to the southerly line of Van Courtland avenue, in the borough of the Bronx, the commissioners made awards for the parcels designated on the damage map as Nos. 3 and 3A, amounting to $6,829.73, to unknown owners. Title vested in the city of New York under these proceedings on May 27, 1898, and the report of the commissioners was duly confirmed February 5, 1903. Isaac P. Smith and Emma L. Moller, as executor and executrix of the last will and testament of Joseph H. Godwin, deceased, claimed to be the owners of such awards by virtue of deeds (1) from Augustus Van Courtland and others to Joseph H. Godwin, dated August 27, 1888; (2) from Augustus Van Courtland and another to the same, dated August 27, 1888; (3) from Caroline M. Foster et al. to George H. Peck and Joseph H. Godwin, dated July 19, 1858; (4) from George H. Peck to Joseph H. Godwin, dated June 15, 1862; (5) from Francis Perot and others to the same, dated February 27, 1869.

Conceding that but a portion of the land embraced in damage parcels 3 and 3A was included within the description of the property conveyed by these deeds, the claimants sought to establish title to most of the remainder by accretion, averring that such portion had been converted from land under water into upland by the gradual accumulation of deposits of silt. The city of New York claimed to be the owner of such awards by virtue of two water grants from the Commissioners of the Land Office to the mayor, aldermen, and commonalty of the city of New York, dated respectively April 5, 1888, and June 2, 1904. A reference was ordered herein, and from the report of the referee, confirmed by the court at Special Term, the present appeal is taken.

It was found by such report that the total area of the two parcels, 3 and 3A, was 6,684.19 square feet, and of this it was determined that on May 27, 1898 (when title vested), Joseph H. Godwin had acquired

title, by deed and by accretion, to 5,740.43 square feet, and the city of New York to the remainder, 943.76 square feet, thus entitling the former's estate to $5,865.42 as its proportionate share of the award, and the latter to $964.31. The referee wrote no opinion, and it is therefore impossible to tell on what theory he found that the claimants' contention was sustained; but it is obvious that there is no competent evidence upon which to base such a finding. He does not separately find how much of the land was gained by accretion, and how much passed by deed. The only land which upon the testimony belonged to the claimants under the various deeds was an area of 402 square feet. The balance of the tract was land under water. This was not owned, and could not have been conveyed, by any of Godwin's grantors.

It was incumbent upon claimants to show that the upland had been added to by accretion, before their title could be extended to cover other land. The most that they successfully did in this direction was to offer proof that an addition had been made to the upland by the deposit of the materials and the consequent filling in of parts of the land under water when Broadway at this point was opened and constructed. In fact, their only witness testified that "the building of Broadway was the only contributing cause, so far as he could see, to the filling up of this arm" in the Harlem river. While he subsequently sought to explain that the raising of the land above the water level was due to the gradual deposit of silt, owing to the current of the river ceasing to circulate in the arm because of the extension of Broadway, he failed absolutely to do more than give his speculation or surmise, based upon no definite facts or personal observations. It is apparent that there has been no proof of accretion here.

Accretion is the process of gradual and imperceptible increase of land, caused by the deposit of earth, sand, or sediment thereon by contiguous waters. 1 Am. & Eng. Encyc. of Law, 467. An imperceptible addition to riparian land made by water to which the land is contiguous. 29 Cyc. 348. "In order to be accretion, the formation must be imperceptible; that is, so gradual that no one can judge how much is added from time to time. The word 'imperceptible' means that the addition is such that its progress is not perceptible, although the fact of the addition may be perceptible after a long lapse of time. The test as to what is gradual and imperceptible is that, although the witnesses may see from time to time that progress has been made, they could not perceive it while the progress was going on." Farnham on Waters and Water Rights, vol. 1, p. 321.

It has been held that where, by reason of the building of dams, their gates and sill, the placing of stones in the sluiceway, and other obstructions, a channel became filled up with mud, so that a bar was formed, the sole cause of the accumulation of sediment being the erection of these artificial structures, whereby the natural flow of the water was cut off, no title by accretion could arise. Sewall & Day Cordage Co. v. Boston Water Power Co., 147 Mass. 61, 16 N. E. 782.

The proof establishing claimants' title by deed to only 402 square feet of the damage parcels, and there being no proof of any accretion, the findings in their favor as to their title to 5,740.43 square feet can-

not be sustained.   As to the city of New York, it concededly had title to 943.76 square feet.   Had it been able to establish that the remaining part of the damage parcels 3 and 3A was not only land under water at the time of the land grant from the state in 1888, but was land under water between the high-water line and the exterior line defined therein, its right to the entire award would then have been established.   But the testimony on that phase of the case is, in its present condition, too vague and indefinite to warrant judgment absolute for the city.

The order appealed from must therefore be reversed, with costs to the appellant to abide the event, and the motion to confirm the referee's report denied, with $10 costs, and the entire matter sent to a new referee, to take the proofs and report thereon.   All concur.